IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALEFOSIO ALEFOSIO, FED. ID. #04092-122,<br><br>     Plaintiff,<br><br>  vs.<br><br>DETECTIVE BOYLE, DETECTIVE DENAULT, ATTORNEY MICHAEL J. GREEN,<br><br>     Defendants. | CIV. NO. 15-00380 LEK-BMK<br><br>ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1) |

### ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1)

Before the court is pro se Plaintiff Alefosio Alefosio's prisoner civil rights complaint.  Compl., Doc. No. 1.  Alefosio is awaiting trial in the Hawaii Circuit Court of the First Circuit.  *See* Hawai'i Public Access to Court Information, avail.: http://hoohiki1.courts.state.hi.us/jud/Hoohiki/main.htm. ("Ho`ohiki"), *State v. Alefosio*, Cr. No. 1PC13-1-001527.[1]

Alefosio names Detective Boyle and Detective Denault, who apparently were involved in his arrest, and Michael J. Green, Esq., his criminal defense attorney, as Defendants.

---

[1] A court may take judicial notice of a fact that is not subject to reasonable dispute because it 1) is generally known within the court's territorial jurisdiction or 2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b); *see also Roberson v. City of L.A.*, 220 F. App'x 522 (9th Cir. 2007) (taking notice of state court docket).

Alefosio's Complaint is DISMISSED as set forth below, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1), for failure to state a claim.

### I. BACKGROUND

Alefosio alleges that attorney Michael J. Green retaliated against him, lied, misrepresented his case, and collaborated with Detectives Boyle and Denault to induce Alefosio to enter a guilty plea "to something I have no knowledge or understanding about." Compl., Doc. No. 1, PageID #5 (Count I). He says he paid Green $22,500, but Green gave him a receipt for only $7,500, and then demanded more money to insure Alefosio is not convicted. *Id.*, PageID #7 (Count III). Green withdrew as Alefosio's counsel on September 2, 2015, and the circuit court thereafter appointed counsel to represent Alefosio. *See* Ho`ohiki, Cr. No. 1PC13-1-001527, Doc. Nos. 18, 20.

Alefosio claims Detective Boyle lied while performing a polygraph test. Compl., Doc. No. 1, PageID #6 (Count II). He makes no claims regarding Detective Denault's involvement in his claims, other than the vague claim that Green collaborated with both detectives to induce Alefosio to plead guilty. Alefosio seeks a refund from Mr. Green "and to be compensated for my losses." *Id.*, PageID #8.

## II. **STATUTORY SCREENING**

Federal courts must screen all cases in which prisoners seek redress from a governmental entity, officer, or employee, or seek to proceed without prepayment of the civil filing fees.  *See* 28 U.S.C. §§ 1915(b)(2) and 1915(A)(a).  The court must identify cognizable claims, and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at §§ 1915(b)(2) and 1915A(b).

While "plaintiffs [now] face a higher burden of pleading facts," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and afforded the benefit of any doubt.  *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).  A plaintiff must identify specific facts supporting the existence of substantively plausible claims for relief.  *Johnson v. City of Shelby*, --- U.S. ---,---, 135 S. Ct.

346, 347 (2014) (per curiam) (citation omitted).  Leave to amend should be granted if it appears possible that the plaintiff can correct the complaint's defects.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III.   DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'"  *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

**A.   Claims Against Attorney Michael J. Green Are Dismissed**

Private criminal defense attorneys do not act under color of state law in representing their clients, and cannot be sued under Section 1983.  *See Polk County v. Dodson*, 454 U.S. 312, 317-25 (1981); *Briley v. State of Cal.*, 564 F.2d 849, 855 (9th Cir. 1977) (neither appointed nor retained defense attorneys act under color of state law).  Alefosio's claims against Michael J. Green fail to state a claim and are DISMISSED with prejudice, because amendment to this claim is futile.

**B.   Claims Against Detectives Denault and Boyle Are Dismissed**

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by a plaintiff.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).

To state a claim under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement" showing the court's jurisdiction, that the pleader is entitled to relief, and setting forth a demand for relief.  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint "must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'"  *Id.*  At a minimum, a plaintiff must detail what his claims are, when they occurred, and who is allegedly responsible.  Factual allegations are accepted as true, but legal conclusions are not.  *Id.; see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).

### 1. *Detective Denault*

Alefosio provides insufficient facts to allow the court to understand his allegations against Detective Denault. That is, Alefosio fails to link any personal action of Detective Denault to any alleged violation of his rights or harm he alleges he suffered. The court cannot reasonably infer that Denault violated Alefosio's civil rights. Plaintiff's claims against Detective Denault fail to state a claim and are DISMISSED with leave to amend.

### 2. *Detective Boyle*

Alefosio complains that Detective Boyle lied to him while administering a polygraph test and alleges this violated unidentified constitutional rights. As long as Alefosio was given *Miranda*[2] warnings, however, and he does not allege differently, there is no constitutional requirement that the police be truthful to suspects. *See Illinois v. Perkins*, 496 U.S. 292, 294, 297 (1990) ("*Miranda* forbids coercion, not mere strategic deception by taking advantage of a suspect's misplaced trust in [undercover police officer]."). "Ploys to mislead a suspect or lull him into a false sense of security that do not

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966), requires certain warnings be given before a suspect's statement made during a custodial interrogation can be admitted in evidence. Such warnings include the suspect be advised that: "he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney." *Id.* at 444.

rise to the level of compulsion or coercion to speak are not within *Miranda*'s concerns." *Id.*

That is, interrogating officers may make false representations concerning the crime or the investigation during questioning without necessarily rendering an ensuing confession or statement coerced or violating the Constitution. *See, e.g.*, *Frazier v. Cupp*, 394 U.S. 731, 739 (1969). "[T]he test of voluntariness" of a defendant's statement is "whether the confession was extracted by any sort of threats or violence, or obtained by any direct or implied promises, however slight, or by the exertion of any improper influence." *Hutto v. Ross*, 429 U.S. 28, 30 (1976) (per curiam).

Alefosio alleges that Boyle "lied and made up questions that pertain to this case. He drilled me like I was guilty[, and] told me his polygraph does not make mistake." Compl., Doc. No. 1, PageID #6. Alefosio does not claim that Boyle forced him to undergo a polygraph examination without his express, knowing, and voluntary consent. Nor does Alefosio's state criminal docket reflect that he has pleaded guilty to his charges, but rather, it shows that his criminal proceeding is pending. *See* Ho`ohiki, Cr. No. 1PC13-1-001527. Alefosio's allegations are insufficient for the court to infer that Boyle's alleged lies coerced Alefosio into making incriminating statements or a confession during the

polygraph examination, and therefore fail to state a claim. They are DISMISSED with leave to amend.

**C.   Whether Younger Abstention Applies**

Although Alefosio requests damages, in the form of a refund and compensation in the amount that he paid Green, that request appears addressed to Green only. It is unclear the form of relief he seeks against Boyle and Denault.

The *Younger* abstention doctrine prohibits federal courts sitting in equity from enjoining pending state criminal prosecutions, unless extraordinary circumstances create a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). *Younger* abstention applies to both criminal proceedings and civil proceedings, "provided those proceedings implicate important state interests." Under *Younger*, federal courts are directed to abstain from granting injunctive or declaratory relief if it would interfere with pending state judicial proceedings. *Younger*, 401 U.S. 40-1; *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997).

Under *Sprint Commc'ns v. Jacobs*, --- U.S. ----, ----, 134 S. Ct. 584, 591 (2013), *Younger* abstention applies only when one of three types of state proceedings are pending: (1) state criminal prosecutions; (2) civil enforcement proceedings; and (3) "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their

judicial functions."  A court should abstain under *Younger* only when state proceedings (1) are ongoing; (2) fall into one of the three categories listed above; (3) implicate an important state interest; and (4) allow litigants to raise federal challenges. *See ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund.*, 754 F.3d 754, 759 (9th Cir. 2014).  If these threshold elements are met, the court must determine whether the federal action would have the practical effect of enjoining the state proceedings, in which case abstention is appropriate (unless a recognized exception to the abstention doctrine applies). *See id.*  If a claim for declaratory or injunctive relief is raised, the federal court should abstain and dismiss without prejudice. *Id.*  If a damages claim is raised, however, the court should abstain and stay the federal proceedings until the state court proceedings are concluded. *See Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004).

    Alefosio is subject to ongoing state criminal proceedings in which he is represented by counsel.  These proceedings clearly implicate important state interests: protection of the public and enforcing the state's criminal statutes.  Alefosio's attorney may raise any constitutional issues relating to Detective Boyles' polygraph examination and Detective Denault's alleged "collaboration" to induce Alefosio to plead guilty in his criminal proceeding.  Finally, a decision here on Alefosio's

9

claims against Boyle and Denault could have the practical effect of enjoining Alefosio's ongoing criminal trial.  Thus, abstention appears proper.  If Alefosio decides to amend his claims, he must clarify the form of relief he seeks from Boyle and Denault.

### IV. **LEAVE TO AMEND**

If Alefosio decides to amend his claims against Boyle and Denault, he must file an amended complaint within thirty [30] days of the date of this order, on or before **November 18, 2015.** The amended complaint must cure the deficiencies noted above and demonstrate how the conditions complained of resulted in a deprivation of Alefosio's federal constitutional or statutory rights.  Each claim and the involvement of each defendant must be sufficiently alleged.  Alefosio must explicitly detail what Defendants Boyle and Denault personally did to violate his rights.

An amended complaint generally supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by *Lacey v. Maricopa Cty*., 693 F.3d 896 (9th Cir. 2012) (en banc)).  Defendants not named in the caption and claims dismissed without prejudice that are not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey*, 693 F.3d at 928 ("[C]laims dismissed with prejudice [need not] be repled in a[n] amended complaint to preserve them for appeal . . . [but] claims [that are] voluntarily dismissed

[are] . . . waived if not repled."). Alefosio is NOTIFIED that he must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii if he chooses to amend his pleading.

## V. **28 U.S.C. § 1915(g)**

If Alefosio fails to file an amended complaint correcting the deficiencies identified in this Order, the court SHALL enter judgment against him with prejudice for failure to state a claim, failure to comply with a court order, and failure to prosecute, subjecting him to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). *Coleman v. Tollefson*, --- U.S. ----, ----, 135 S. Ct. 1759, 1764 (2015); *see also Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) (holding "dismissals following the repeated violation of Rule 8(a)'s 'short and plain statement' requirement, following leave to amend, are dismissals for failure to state a claim under § 1915(g)"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

In the alternative, in light of the court's discussion regarding abstaining from ruling on his claims, Alefosio may voluntarily dismiss his Complaint on or before **November 18, 2015**, without prejudice and he will not incur a strike.

**VI.  CONCLUSION**

(1)  Alefosio's Complaint is DISMISSED for failure to state a claim as detailed above.  *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1).  Specifically, claims against Michael J. Green are DISMISSED with prejudice and without leave to amend; claims against Detectives Boyle and Denault are DISMISSED with leave to file an amended complaint that cures the deficiencies noted above on or before **November 18, 2015**.

(2)  Failure to timely amend and cure the noted pleading deficiencies SHALL result in entry of judgment dismissing this action for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1).  This judgment shall constitute a strike, unless later overturned on appeal.

(3)  In the alternative, Alefosio may voluntarily dismiss his remaining claims and this action by notifying the court in writing on or before **November 18, 2015**.  If Alefosio timely notifies the court of his desire to dismiss this action, he shall not incur a strike.

//
//
//
//
//
//

  (4) The Clerk is DIRECTED to mail Alefosio the prisoner civil rights complaint form so he can comply with the directions in this Order.

  IT IS SO ORDERED.

  DATED AT HONOLULU, HAWAII, October 19, 2015.



           /s/ Leslie E. Kobayashi
          Leslie E. Kobayashi
          United States District Judge

*Alefosio v. Green*, 1:15-cv-00380 LEK-BMK; scrg/2015 Alefosio 15-380 (ftsc/R8/Younger); J:\PSA Draft Ords\LEK\Alefosio 15-380 lek (FTSC R8, Younger Abst.).wpd