IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALEFOSIO ALEFOSIO, FED. ID #04092-122, HI ID #A6029083,<br><br>          Plaintiff,<br><br>     vs.<br><br>DETECTIVE DENAULT,<br><br>          Defendant. | CIV. NO. 15-00380 LEK-BMK<br><br>DISMISSAL ORDER |

## **DISMISSAL ORDER**

On December 9, 2015, the court ordered Plaintiff to show cause why this action should not be dismissed as time-barred or stayed under the *Younger* Abstention Doctrine.[1]  Doc. No. 10.  Plaintiff was also notified that, if he was convicted in the underlying state criminal proceedings that form the basis for his claims, *State v. Alefosio*, 1PC13-1-001527,[2] his action would be dismissed under the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

---

[1]*Younger v. Harris*, 401 U.S. 37, 53-54 (1971).

[2]*See* Hawaii State Judiciary, Ho`ohiki, available at: http://hoohiki1.courts.state.hi.us/jud/Hoohiki/main.htm (last visited Jan. 6, 2016).

Before the court is Plaintiff's response to the Order to Show Cause. *See* Doc. No. 11. For the following reasons, this action is DISMISSED with prejudice.

## I. DISCUSSION

Plaintiff argues that he is entitled to equitable tolling because his criminal defense attorney failed to provide him with "necessary documentations" so that he could commence this action within two years of the date that his claims accrued. *Id.; see also* Haw. Rev. Stats. § 657-7; *Pele Defense Fund v. Paty*, 73 Haw. 578, 595, 837 P .2d 1247, 1259 (1992) (providing two-year statute of limitation in personal injury actions).

Plaintiff has been aware of his claims since on or before May 18, 2010. His criminal defense attorney's alleged delays do not establish circumstances beyond Plaintiff's control that made it impossible for him to file a timely complaint. *See Office of Hawaiian Affairs v. State*, 133 P.3d 767, 789 (Haw. 2006) (citation omitted). This action is DISMISSED with prejudice as time-barred.

Further, since the Order to Show Cause was issued Plaintiff has pled guilty in *State v. Alefosio*, 1PC13-1-001527.  *See* Ho`ohiki, 1PC13-1-001527, Doc. #22 (Dec. 18, 2015).  Even if Plaintiff's claims are not time-barred this action must be dismissed, albeit without prejudice, because success here would necessarily impugn Plaintiff's guilty plea and conviction.  *See Wallace v. Kato*, 549 U.S. 384, 394 (2007).

## II.  CONCLUSION

This action is DISMISSED with prejudice as time-barred.  The Clerk is directed to terminate this case and any pending motions.  Plaintiff is NOTIFIED that this dismissal may constitute a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 6, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Alefosio v. Denault*, 1:15-cv-00380 LEK-BMK; ORD 2016 Alefosio 15-380 lek